NUMBERS

13-10-00429-CR

                                                13-10-00430-CR


                                                13-10-00431-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MARGARET YORK,                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On appeal from the 36th District
Court

of Aransas County, Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Benavides

Memorandum Opinion by Chief Justice
Valdez

            By three separate
indictments, appellant,
Margaret York, was charged with several instances of forgery, a state-jail
felony, and one instance of debit-card abuse, also a state-jail felony.  See
Tex. Penal Code Ann. §§ 32.21(b),
(d), 32.31(b), (d) (Vernon Supp. 2010).  With regard to the first instance of
forgery, allegedly occurring on October 18, 2006, York pleaded guilty, and the
trial court placed her on probation for three years and imposed a $1,000 fine. 
The State subsequently indicted York with two additional counts of forgery,
allegedly occurring on July 3, 2007.  York pleaded guilty to both counts of
forgery, and the trial court sentenced her to confinement in the State Jail
Division of the Texas Department of Criminal Justice for one year, probated the
sentence, and imposed a $750 fine for each count.  York was later indicted for
the offense of debit-card abuse, allegedly occurring on June 10, 2008.  York
pleaded guilty to this offense, and the trial court sentenced her to two years’
confinement in the StateJail Division of the Texas Department of Criminal
Justice, probated for five years.

            On November
13, 2009, the State filed motions to revoke York’s probation in each case,
alleging that she failed to:  (1) report to her probation officer for several
months; (2) submit to random urinalysis for several months; and (3) pay
supervisory fees, fines, and restitution for several months.  The State later
amended its motions to revoke to further allege that York recently had been
arrested for driving while intoxicated and unlawfully carrying a weapon, both
of which constituted violations of the terms of her probation.

            At
the hearing conducted on the State’s motion to revoke, York pleaded “true” to
most of the allegations contained in the State’s motions to revoke.  The trial
court accepted York’s pleas of “true” and revoked her probation.  In appellate
cause number 13-10-00430-CR (the debit-card abuse case), the trial court
sentenced York to two years’ confinement in the State Jail Division of the
Texas Department of Criminal Justice and ordered that she pay $10,000 in
restitution.  In appellate cause number 13-10-00431-CR (the case involving the
two counts of forgery allegedly committed on July 3, 2007), the trial court
sentenced York to one years’ confinement with no fine.  Finally, in appellate
cause number 13-10-00429-CR (the case involving the first instance of forgery),
the trial court sentenced York to two years’ confinement with a $1,000 fine. 
The sentences were ordered to run concurrently.  The trial court certified
York’s right to appeal in all three cause numbers, and these appeals followed. 
We affirm.     

I. Anders Brief

Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), York=s court‑appointed appellate counsel has filed a brief with this
Court, addressing each of the three appellate cause numbers and stating that
his review of the record yielded no grounds or error upon which an appeal can
be predicated in any of the appellate cause numbers.  Although counsel=s brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced in either appeal.  See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) (AIn Texas, an Anders brief need not
specifically advance >arguable= points of error if counsel finds none, but it must
provide record references to the facts and procedural history and set out
pertinent legal authorities.@) (citing Hawkins v. State, 112 S.W.3d 340,
343-44 (Tex. App.–Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  

In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978), York's counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court's judgments. 
Counsel has informed this Court that he has:  (1) examined the record and found
no arguable grounds to advance in any of the three appellate cause numbers; (2)
served copies of the brief and counsel=s motions to withdraw on York; and (3) informed York
of her right to review the record and to file a pro se response in each cause
number.[1]  See
Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and York has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II. Independent Review

Upon receiving an Anders brief, we must conduct a full
examination of all the proceedings to determine whether the case is wholly
frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We have reviewed
the entire record in each appellate cause number and counsel's brief and have
found nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue to the
nature of Anders briefs, by indicating in the opinion that it considered
the issues raised in the briefs and reviewed the record for reversible error
but found none, the court of appeals met the requirement of Texas Rule of
Appellate Procedure 47.1.@); Stafford, 813 S.W.2d at 509.  Accordingly,
we affirm the judgments of the trial court.

III. Motion to Withdraw

In accordance with Anders, York=s attorney
has asked this Court for permission to withdraw as counsel in each appellate
cause number.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.–Dallas 1995, no pet.) (AIf an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is frivolous.@) (citations omitted)).  We grant counsel=s motions to
withdraw.  Within five days of the date of this Court=s opinion, counsel is ordered to send a copy of the opinion and
judgment in each appellate cause number to York and advise her of her right to
file a petition for discretionary review.[2]  See
Tex. R. App. P. 48.4; see also
In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d
670, 673 (Tex. Crim. App. 2006). 

                                                                                    ___________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


14th day of April, 2011.









[1] The Texas Court of Criminal
Appeals has held that Athe pro se response need not comply
with the rules of appellate procedure in order to be considered.  Rather, the
response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case
presents any meritorious issues.@  In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex.
Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.
App.–Waco 1997, no pet.)).





[2] No substitute counsel will be
appointed.  Should York wish to seek further review of these cases by the Texas
Court of Criminal Appeals, she must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.